**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4911**

---

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOHN SAADIQ HASAN,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Mary G. Lewis, District Judge.
(4:14-cr-00294-MGL-1)

---

Submitted:  June 16, 2015              Decided:   June 19, 2015

---

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Saadiq Hasan was convicted of threatening a government official, 18 U.S.C. § 115(a)(1)(B) (2012), and was sentenced to 41 months in prison. Hasan now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Hasan was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.

Counsel first contends that the district court when it denied Hasan's Fed. R. Crim. P. 29 motion for judgment of acquittal. We review a district court's denial of a Rule 29 motion de novo. United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015). "Applying that standard, . . . the verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Id. (internal quotation marks omitted). We have reviewed the trial transcript and conclude that there was ample evidence to support the guilty verdict. Two witnesses testified that they heard Hasan threaten to kill an employee at a social security office unless Hasan's supplemental security income benefit was fully reinstated. Further, Hasan made one of the threats when he was outside the social security office, armed with a pitchfork.

2

We next review Hasan's sentence. His properly calculated Guidelines range was 33-41 months. After considering the Guidelines range, the arguments of counsel, Hasan's allocution, and the 18 U.S.C. § 3553(a) (2012) sentencing factors as they applied to Hasan, the district court sentenced him to 41 months in prison.

We review the sentence for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first "ensure that the district court committed no significant procedural error." Id. at 51. If there is no such error, we then consider the sentence's substantive reasonableness, taking into consideration "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We may presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant may rebut this presumption only "by showing that the sentence is unreasonable when measured against the § 3553(a) factors." Id. After reviewing the presentence investigation report and the sentencing transcript, we conclude that the sentence is procedurally and substantively reasonable and that Hasan did not rebut the presumption of reasonableness afforded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm. This court requires that counsel inform Hasan, in writing, of his right to petition the Supreme Court of the United States for further review. If Hasan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Hasan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED